[No. 5662.]

SAMUEL H. MEEKS JR., BY SAMUEL H. MEEKS SEN., HIS GUARDIAN, v. SOUTHERN PACIFIC R. R. CO.

CONTRIBUTORY NEGLIGENCE—LOCOMOTIVE BELL.—The statute (sec. 486, Civil Code) provides, in substance, that a locomotive bell must be rung when the engine is approaching a crossing, under a penalty for failing so to do; and declaring that the railroad corporation is also liable for all damages sustained by any person, and caused by its locomotives, trains, or cars, when the bell is not rung: *held*, that a failure to ring the bell does not abrogate the doctrine of contributory negligence.

IDEM.—If plaintiff was guilty of such negligence as materially and proximately contributed to his injury, the defendant is not responsible in an action for such injury, even though the defendant failed to ring its bell.

NEGLIGENCE,—It is negligence, *per se*, for parents to allow an infant of six years to make use of a railroad track for a play-ground, and to lie down upon it unattended, and this, whether the child was asleep or awake.

PARENTS.—If the negligence of a parent, or person standing *in loco parentis*, materially and proximately contributes to the injury, the defendant is not liable.

APPEAL from the District Court, Eighteenth Judicial District, County of San Bernardino.

Defendant appeals.

The plaintiff, a boy six years old at the time he was injured, sues to recover damages for personal injuries sustained, as alleged, by reason of the negligence of the defendant.

He was residing with his parents, whose residence was situated seventeen rods from the place where he received the injuries in question.

At the time of the accident he was lying ten feet from the crossing, on the ground between the rails of the defendant's road, his body being parallel with the rails. Everything was done that could have been done in order to avoid the accident. The plaintiff's left foot was crushed, and had to be amputated. The right foot was also injured. The jury found a verdict in favor of plaintiff for ten thousand dollars.

The defendant moved for a new trial, which was denied. This appeal is from the judgment and the order denying a new trial. The further facts are found in the opinion.

*Glassell, Chapman & Smiths* and *S. W. Sanderson*, for Appellant.

1. The plaintiff was guilty of such contributory negligence as defeats the action. (*Sims* v. *M. & N. R. R. Co.* 29 Ga. 95.)

2. To the point that the failure to ring the bell did not entitle plaintiff to a recovery: The statute requiring a bell to be rung on approaching a highway crossing, is for the benefit of persons traveling along the highway—for the benefit of persons making a lawful use of the highway, and not for the benefit of those who unlawfully convert it into a bed to sleep upon. (*O'Donnell* v. *P. & W. R. R. Co.* 6 R. I. 211; *Holmes* v. *The Central &c. Co.* 37 Ga. 596.)

The plaintiff was not in a position to claim the benefit of the statute. He was not traveling upon the highway, nor was he, in fact, upon the *traveled* crossing.

3. Contributory negligence is the doctrine of this Court. (*Kline* v. *Cent. Pac. R. Co.* 37 Cal. 400; *Needham* v. *S. F. & S. J. R. Co.* 37 Cal. 409; *Flynn* v. *S. F. & S. F. R. Co.* 40 Cal. 14; *Flemming* v. *W. P. R. Co.* 49 Cal. 253.)

*C. N. C. Rowell* and *A. B. Paris*, for Respondent.

1. If defendant could have avoided running over plaintiff, they were bound to so.

2. The defendant was negligent in not ringing the bell. The statute demands that the bell shall be rung or whistle blown, and makes defendant liable for all damages caused by his locomotive, train, or cars when not complied with. (Civil Code, sec. 486.)

And this statute is different from those under which decisions referred to in appellant's citations upon this point were made, and amendatory of the section referred to in Hittell, and the distinction is this: That the law of 1861 made defendant liable for all damages sustained by reason of the neglect to ring the bell or blow the whistle, while the Act of 1872 makes it liable for all damages when it fails to comply with the statutory provisions.

By the COURT:

1. The 486th section of the Civil Code, providing that a railroad corporation shall be liable for all damages sustained by any person and caused by the locomotive of the corporation, when a bell is not sounded or a whistle blown, as directed by that section, does not abrogate the doctrine of contributory negligence, or operate to give a right of action where the negligence of the plaintiff, if an adult, or if an infant, as here, the negligence of the parent or person standing *in loco parentis*, materially and proximately contributed to the injury.

2. The jury, in response to the special issues submitted to them, found that neither the infant plaintiff nor his parents were chargeable with negligence which contributed to the injury of the plaintiff. The defendant moved the Court below for a new trial, on the ground that the evidence did not support the verdict in these respects. The motion was denied in the Court below. We think it should have been granted.

The plaintiff, an infant of some six years, seems to have been permitted by his parents to make use of the roadway of the defendants as a play-ground, and to lie down on the railroad track unattended. As to whether he was asleep upon the track, or awake, there is some conflict in the evidence. But this is not material—for in either case such conduct amounted to negli-

gence *per se*, which would defeat a recovery by the plaintiff here. It should be observed in this connection that there is no evidence whatever of the lack of diligence and due care upon the part of those in charge of the train. The plaintiff was lying on the track, parallel with the rails; he was discovered by the engineer and lookout at some distance ahead; but, notwithstanding a continued scrutiny exercised by them, they were. unable to discern that the object at which they were looking was other than a bush or some insignificant obstruction upon the track. When they did discover that a child was lying there, they used every endeavor to slow up the train, but it was then too late to prevent the accident by any, even the utmost, effort upon their part. Under the circumstances, as now appearing in proof, we are constrained by the settled rules of law, applicable to cases of this character, to hold that the plaintiff ought not to have recovered for the injuries sustained by him.

Judgment and order reversed, and cause remanded for a new trial.