64  463<br>113  370,

[Department One. — January 22, 1884.]

## MARY F. McQUILKEN, RESPONDENT, *v.* THE CENTRAL PACIFIC RAILROAD CO., APPELLANT.

RAILROAD — INJURY TO PASSENGER — CONTRIBUTORY NEGLIGENCE — NONSUIT. — The plaintiff, an infant about three years of age, travelling under the care of her mother, as a passenger on a railroad train, was injured by the starting of the train while she and her mother were in the act of alighting therefrom. The accident occurred at a regular station on the road where the train had stopped for the purpose of receiving and letting off passengers. On one side of the track there was a platform about one hundred feet in length and six feet in width for the use of passengers in entering and leaving the cars. The train was longer than the platform, but the car in which the plaintiff and her mother were riding was alongside the platform when the train stopped. The mother was well acquainted with the locality and the existence and purpose of the platform, but in attempting to get off, she proceeded with the plaintiff to the other side of the train, and was in the act of alighting therefrom when the train started, and the plaintiff was thrown underneath the cars, and received the injury complained of. A lookout was kept on the side of the train next to the platform, but not on the other, and the persons in charge of the train were not aware of the movements of the plaintiff and her mother in attempting to get off, or of their desire to do so. The evidence was conflicting as to the length of time the train stopped, and there was some evidence that access to the platform from the end of the car where the plaintiff and her mother attempted to get off was partially obstructed by other passengers. The defendant moved for a nonsuit on the ground of contributory negligence on the part of the mother in attempting to get off on the wrong side of the train, but the court overruled the motion. *Held*, that the motion was properly denied.

Id.— Instruction. — The court instructed the jury in substance that contributory
negligence of the mother in attempting to get off on the side of the train away
from the platform was no defense to the action, unless the train stopped long
enough to enable her to land with the plaintiff on the platform. *Held*, that the
instruction was erroneous.

APPEAL from a judgment of the Superior Court of the county of Alameda, and from an order refusing a new trial.

The facts are sufficiently stated in the head notes and opinion.

*Cope & Boyd*, for Appellant.

*Montgomery & Martin*, for Respondent.

PER CURIAM. — 1. We cannot say that the court below ought to have granted a nonsuit on the ground that plaintiff's evidence showed the negligence of the mother of the infant plaintiff proximately contributed to the injury. The position of defendant's counsel is that where a railroad company has provided a platform on one side of its track, on which passengers may alight, an attempt of a passenger to get off on the other side is negligence *per se*. We think that the fact, if proved, that the mother of plaintiff attempted to alight on the side where there was no platform is to be taken in connection with the other physical conditions proved; the question whether she was guilty of contributory negligence to be determined by the jury upon all the evidence bearing on that question.

The act or omission on the part of a plaintiff, claimed to have contributed to the injury, must have direct relation to the act or omission charged to be negligence on the part of a defendant. Whether the attempt to get from the platform at the rear of the car to the ground was, under the circumstances proven, negligence, and whether such negligence was to any extent an immediately concurring cause of the injury, were matters to be decided by the jury.

The cases cited by appellant do not sustain its position — in view of the facts proved in this case, in *Pennsylvania Railroad v. Zebe*, 33 Pa. St. 318, it appeared that a passenger got off "on the wrong side" and stepped upon another track, where he was injured by a moving train. There was a platform on each side of the tracks within the depot, and trains frequently met at that

point.   It was said that the passenger who voluntarily got off his car and on the track on the inner side could not recover in an action against a railroad company, unless there was gross negligence on the part of the latter in permitting the passenger thus to leave the car.   The question did not arise upon nonsuit, but upon a request of the trial court to declare the law or "state the point," that if the plaintiff "voluntarily and negligently" placed himself where he did, when there was a safe mode of exit, and full opportunity to use it, the defendant was not liable as a common carrier.   (P. pp. 323, 324.)

A second judgment for the plaintiff in the same action seems to have been reversed for error in permitting two witnesses to testify that *they* were in the habit of getting off on the same side the train as did plaintiff.   (P. 423.)   It is plain such evidence was inadmissible.

In Michigan it has been held that the *mere* failure of a railroad company to have a platform on each side of a station is not to be regarded as of itself negligence.   There it appeared the plaintiff arrived at a station before the cars came in, and deliberately walked on the side most distant from the platform, etc., and was there injured in attempting to board the train. The court held plaintiff could not be said to have affirmatively proved that she was free from all contributory negligence — by the law of Michigan the burden of proof being on the plaintiff to show that there was no contributory negligence on her part. (*Michigan Central Railroad* v. *Coleman*, 28 Mich. 440.)   In California contributory negligence is a defense, to be established by defendant, unless the evidence on the part of the plaintiff shall prove a want of reasonable care on his part.   (*Robinson* v. *W. P. R. R. Co.* 48 Cal. 409.)

*Bancroft* v. *Boston etc. R. R.* 97 Mass. 275, was a case in which the plaintiff's intestate was, under the circumstances proved, held guilty of contributory negligence in attempting to cross a track from which he was hurled by an engine.

The English case, *Siner* v. *Great Western Railway*, 3 Ex. 150, 4 Ex. 117, is a case unlike the one at bar in every respect, except that in that case, as in this, the platform was not as long as the train.

2.  The court below charged the jury in effect that the plaint-

iff was entitled to recover, although the evidence showed that her mother was guilty of negligence contributing proximately to the injury unless the defendant was guiltless of any negligence in a certain particular.

The following instruction embodies the idea repeated in other portions of the charge: —

" If you believe from the evidence that there was at the time of the injury complained of a safe platform at Market Street station for the use of passengers in getting on and off the cars, it was the duty of any passenger desiring to leave the train to get off on the platform; and if the mother of the plaintiff disregarded this duty and attempted to get off with the plaintiff on the other side of the train where there was no platform, and thereby *caused or contributed* to the injury, the action cannot be maintained, and you must find for the defendant; *provided* you believe from the evidence that the train stopped long enough to enable the mother and child with reasonable diligence to have landed upon the platform."

At the trial the plaintiff claimed the defendant was negligent in starting the train too soon, and, as said by counsel for appellant, " the legal proposition embodied in the instruction is that defendant must have been free from negligence in that respect in order to prevent a recovery by reason of the negligence of the mother."

But, if the negligence of the mother of plaintiff contributed directly or proximately to the injury, she ought not to have recovered whatever the negligence of the defendant. It is not giving the defendant the benefit of the rule, as to contributory negligence, to say that the negligence of the plaintiff which contributed as a proximate cause to the injury will prevent a recovery, provided the defendant has not been guilty of negligence.

Judgment and order reversed and cause remanded for a new trial.