[No. 11632.   Department Two. — April 18, 1889.]

## JOSEPH J. HIGGINS, RESPONDENT, v. WILLIAM DEENEY ET AL., APPELLANTS.

NEGLIGENCE — INJURY TO INFANT IN ATTEMPTING TO CROSS A STREET — CONTRIBUTORY NEGLIGENCE OF MOTHER. — The action was brought to recover damages for personal injuries caused to the plaintiff's child, two years and five months old, by being run over by a team of horses and wagon belonging to the defendants.  The evidence showed that the mother of the child was walking along a street, leading the child by the hand, and carrying another infant in her arms, and had just arrived at the street crossing when she saw the defendants' wagon coming upon the other side of the street.  As she was preparing to cross the street, she

felt her infant slipping from her arms, and to prevent it falling, she let go the hand of the other child, which ran ahead and was injured by the approaching team. The street where the injury happened was a much used thoroughfare in a city, and the team was being driven at an unlawful rate of speed under the city ordinance. *Held*, that the question whether the mother was guilty of contributory negligence was for the jury, and that their finding to the contrary would not be disturbed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Stanly, Stoney & Hayes*, for Appellants.

The evidence shows that the injury was proximately caused by the negligence of the mother in attempting to cross the street in front of the approaching team. That being the case, the fact that the team was being driven at an unlawful rate of speed does not render the defendants liable. (*Belton* v. *Baxter*, 54 N. Y. 246; 13 Am. Rep. 578; *Rahn* v. *Singer Mfg. Co.*, 26 Fed. Rep. 915; *Jetter* v. *N. Y. & H. R. Co.*, 2 Keyes, 154; Deering on Negligence, sec. 30; *Goltz* v. *Winona etc. R. R. Co.*, 22 Minn. 55.)

*F. M. Husted*, and *Walter Gallagher*, for Respondent.

FOOTE, C.—Action for damages. The plaintiff alleged that his child, two years and five months old, had been run over, knocked down, and injured by the team of horses and wagon of the defendant, William Deeney, driven by Phillip Deeney, the servant and agent of William; that the team was being driven at an unlawful rate of speed, and in violation of a city ordinance. Judgment was had for the plaintiff, in the sum of five hundred dollars, from which, and an order denying a new trial, this appeal is taken.

The point is made here for the first time that the com-

plaint does not state facts sufficient to constitute a cause of action, no demurrer having been filed.

We think that the complaint (after the verdict of the jury) does state a sufficient cause of action to sustain the judgment.

Further, it is said that the evidence of the child's mother, a witness for the plaintiff, shows that the injuries to the child were caused by the mother crossing the street when she saw the team coming up at a trot, and that she knew she would expose herself and children to the reception of injury; that her conduct, according to her own statement, put her in the position of one taking the chances of getting herself or children seriously hurt; and that this evidence is uncontroverted, and therefore the verdict of the jury cannot be upheld.

Upon an examination of the evidence, which the defendant claims shows that the negligence of the mother was the proximate cause of the injury to the child, we find that the mother had in her arms an infant, and was leading by the hand another small child, and had just gotten onto the crossing of the street, when she saw coming upon the *other side* of the highway the wagon of the defendant, the horses drawing *it on a trot*. It does not appear that she attempted to cross in front of the team, but that she was getting into the street for the purpose of crossing at some time, perhaps after the team had *passed*. At that instant, absorbed in the care of her two little ones, she felt her infant slipping from her arms, and to save it a fall upon the stones beneath perhaps, she let go her hold upon the other child's hand, and it ran ahead and near the horses thus going at a trot, and was injured.

The team being driven at that place upon a crossing, in the midst of a city, and on a much used thoroughfare, at an unlawful rate of speed under a city ordinance (*Siemers* v. *Eisen*, 54 Cal. 420; *Jessen* v. *Sweigert*, 66 Cal. 182), it may well have happened that the jury thought that if

the team had been driven at a lawful rate of speed, the child would not have been hurt at all, and that the mother, under all the circumstances, could not be expected to have foreseen the child running on ahead of her, and that the team would not go at a walk on the crossing where she was properly preventing the infant from falling on the street, and that she was not guilty of carelessness in letting go the child's hand for a moment, but the driver of the wagon was negligent.

This being the state of the facts, we cannot say the evidence shows, without conflict, that the mother was guilty of contributory negligence. Such being the case, it was for the jury to determine the issue, and we do not feel warranted in stating that they have found improperly

The instructions given were proper and suitable, and the amount of damages awarded is not excessive under all the evidence. Perceiving no prejudicial error, we advise that the judgment and order be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.