FRITZ HUERZELER, as Administrator, etc., Respondent, *v.* THE CENTRAL CROSS TOWN RAILROAD COMPANY, Appellant.

Where, at the close of the evidence on a trial, many requests to charge were made on both sides, some of which were granted and others refused, and defendant's counsel excepted to the granting of the requests on the other side, and the refusal to charge those requested by him, which were not charged, *held*, that the exception was insufficient to present any question for review in this court.

It is not negligence, as matter of law, for the parent of a child so young as to be *non sui juris* to permit the child to be on a city street unattended.

Where, in an action against a street railroad company for negligence in causing injury to such child, negligence on the part of defendant is shown, contributory negligence on the part of the child, the parent being free from negligence, will not shield the company from liability.

(Argued October 17, 1893; decided October 24, 1893.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made November 7, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages from defendant, a horse railroad company in the city of New York, for the alleged negligent killing of plaintiff's infant daughter.

It appeared that said infant was a little over five years of age and had been at school four days; that in the evenings when it was warm she would play on the sidewalk of the street on which she lived with the other children of the neighborhood; that on the evening she was killed she was allowed to go on the street to play for a few minutes by her parents; that with some companions she wandered to another street and looked under the swinging door into a saloon, where there was a drunken man, and then she and her companions stepped back and walked along the edge of the sidewalk near the gutter, and as the drunken man passed them they attempted to cross the street. When one of defendant's cars, which was approaching, got within about thirty-five feet of them its

driver hallooed to the children in a loud voice, and they began to run and were overtaken by the car; plaintiff's and another child were thrown down, the former being killed.

*J. Aspinwall Hodge, Jr.*, for appellant. The motions to dismiss the complaint at the close of the plaintiff's case, and the motion made at the close of the defendant's case to the same effect, should have been granted, on the ground that the plaintiff had not proved the absence of contributory negligence. (*Hartfield* v. *Roper*, 21 Wend. 614; *Thurber* v. *H. R. R. Co.*, 60 N. Y. 333; *McGarry* v. *Loomis*, 63 id. 107; *Birkett* v. *K. I. Co.*, 41 Hun, 406; 110 N. Y. 507; *Mangam* v. *B. R. R. Co.*, 38 id. 456, 457; *Wendell* v. *N. Y. C. R. R. Co.*, 91 id. 426; *Kunz* v. *City of Troy*, 104 id. 350.) There is no evidence to warrant the jury in finding that the defendant was guilty of any negligence after he saw the position occupied by the deceased just before the accident. (*Chrystal* v. *T. & B. R. R. Co.*, 105 N. Y. 164; *Fenton* v. *S. A. R. R. Co.*, 126 id. 625.) There is no evidence of any negligence on the part of the defendant, which caused the accident. (*Fenton* v. *S. A. R. R. Co.*, 126 N. Y. 625.) The jury could not but have been mislead by the charge. (*Chrystal* v. *T. & B. R. R. Co.*, 105 N. Y. 164.) The familiar rule of law that the exercise of care upon a particular occasion cannot be proved by the exercise of care generally on former occasions was violated by the admission of evidence under objection and exception. (1 Greenl. on Ev. § 84; *Eaton* v. *Tel. Co.*, 68 Me. 63; *Chase* v. *M. C. R. R. Co.*, 77 id. 65; *McDonald* v. *Savoy*, 110 Mass. 79; *Hays* v. *Miller*, 77 Penn. St. 238.) There was no evidence establishing any pecuniary damage. (*Clark* v. *Stewart*, 127 N. Y. 676; *N. Y. El. R. R. Co.* v. *F. N. Bank*, 135 U. S. 432; *Buckley* v. *M. Co.*, 113 N. Y. 540, 546; *Houghkirk* v. *D. & H. C. Co.*, 28 Hun, 407; 92 N. Y. 219; *Lehman* v. *City of Brooklyn*, 29 Barb. 234; *Telfer* v. *N. R. R. Co.*, 30 N. J. L. 188; *Oldfield* v. *N. Y. & H. R. R. Co.*, 3 E. D. Smith, 103; 14 N. Y. 310; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 id. 287.)

*Henry Schmitt* for respondent. The questions involved on plaintiff's evidence were for the jury, and the various motions to dismiss the complaint were properly denied. (*Ihl* v. *F. S. S. R. R. Co.*, 47 N. Y. 317; *Murphy* v. *Orr*, 96 id. 14; *Moebus* v. *Hermann*, 108 id. 349; *Mallard* v. *N. A. R. R. Co.*, 27 N. Y. S. R. 801.) If the verdict can be upheld in any view of the facts, this court will not interfere. (*Maher* v. *C. P., N. & E. R. R. R. Co.*, 67 N. Y. 52, 55; *Hazman* v. *H. L. & I. Co.*, 50 id. 53; *Hamilton* v. *T. A. R. R. Co.*, 53 id. 25; *R. Co.* v. *Ives*, 144 U. S. 409.) The counsel for the defendant, after the jury had retired, asked " to note an exception to the granting of the requests of the other side, and the refusal to charge those of mine that were not charged." This is not a valid exception and does not raise any question for review. (*Smedis* v. *B. & R. B. R. R. Co.*, 88 N. Y. 13; *Newall* v. *Bartlett*, 114 id. 399; *Read* v. *Nichols*, 118 id. 224; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 id. 310, 314.) The defendants claimed that the child was *sui juris*. It was only five years and eleven days old. Such a child could not be held, as a matter of law, to be *sui juris* under the authorities. Children of this age have been held, as a matter of law, to be *non sui juris*. (*Ihl* v. *F. S. S. R. R. Co.*, 47 N. Y. 317; *Moebus* v. *Hermann*, 108 id. 349; *Birkett* v. *K. I. Co.*, 110 id. 504.) The requests to charge made by the plaintiff were proper. (33 N. Y. 647; *Ihl* v. *F. S. S. R. R. Co.*, 47 id. 322; *McGuire* v. *Spence*, 91 id. 306; *McGarry* v. *Loomis*, 63 id. 164; *Moebus* v. *Hermann*, 108 id. 353; *Mallard* v. *N. A. R. R. Co.*, 27 N. Y. S. R. 803.) The defendant cannot in this court raise the question of excessive damages. (*Hough-kirk* v. *D. & H. C. Co.*, 92 N. Y. 219, 225; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 id. 310, 319, 321; *Campbell* v. *Page*, 50 id. 658; *Metcalf* v. *Baker*, 57 id. 662; *Maher* v. *C. P., N. & E. R. R. R. Co.*, 67 id. 52, 56; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 70 id. 587, 592; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 id. 594.) A question to witness as to what he would have done under circumstances similar to those presented by the case at bar is immaterial and should be excluded.

(*Newell* v. *Doty*, 33 N. Y. 83, 94; *Sturm* v. *Williams*, 6 J. & S. 325, 348; *Burrows* v. *E. R. Co.*, 3 T. & C. 44; *McRicard* v. *Flint*, 1 N. Y. S. R. 608.)

EARL, J.　This action was brought to recover damages for the death of the plaintiff's infant daughter caused, upon the defendant's railway track, in the city of New York, through the negligence of the driver of the horses attached to one of its cars.　At the close of the evidence the trial judge charged the jury, and there were many requests by both sides to charge, some of which were granted and some refused.　After the charge was finished and the jury had retired, the counsel for the defendant excepted as follows : " To the granting of the requests on the other side, and a refusal to charge those of mine that were not charged; " and there was no other excep-tion to the charge or refusal to charge.

It is conceded by the learned counsel for the defendant that this general exception was wholly insufficient to present any question for review in this court; and so we have uniformly held.　(*Smedis* v. *Brooklyn, etc., R. R. Co.*, 88 N. Y. 13; *Newall* v. *Bartlett*, 114 id. 399; *Read* v. *Nichols*, 118 id. 224.)

It is, therefore, not important to criticise the charge or to determine whether the trial judge committed any error therein.　The case is before us precisely as if the whole charge had been omitted therefrom.　The main exception, therefore, which presents any question of law to us is the one taken to the denial of the defendant's motion to dismiss the complaint on the ground that there was no negligence chargeable to the defendant, and that there was no proof of the absence of con-tributory negligence.　We have read the evidence and are satisfied there was sufficient bearing upon the negligence chargeable to the defendant for submission to the jury.　That fact being established, the defendant could defeat the plaintiff only by showing, the child being *non sui juris*, that her mother was negligent in permitting her to be in the street, and that fact being established, also that there was such con-

duct on the part of the child contributing to the accident as would have defeated an action by her if she had been an adult. It was not negligence as matter of law for the mother of this child to permit her to be in the street, and so we have several times held. (*McGarry* v. *Loomis*, 63 N. Y. 104; *Kunz* v. *City of Troy*, 104 id. 344; *Birkett* v. *Knickerbocker Ice Co.*, 110 id. 504.)

We will not repeat the evidence bearing upon the question of the mother's negligence. We will simply say that upon that evidence it was a question of fact for the jury to determine whether the mother was negligent in permitting this child to be in the street for a few minutes under the circumstances disclosed. That question having been determined in favor of the plaintiff, if there was any mere negligence on the part of the child contributing to the accident, that does not shield the defendant from liability, its negligence having been established.

The question of damages is not before us. There was sufficient evidence in the case upon the question of damages for the jury. (*Houghkirk* v. *Del. & Hud. Canal Co.*, 92 N. Y. 219.)

The exceptions to rulings upon questions of evidence point out no error, and need no particular attention.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.