[S. F. No. 149.   Department Two.—July 18, 1896.]

## JAMES DALY, AN INFANT, BY HIS GUARDIAN, RESPONDENT, v. ADOLPH F. HINZ, APPELLANT.

NEGLIGENCE—RUNNING OVER CHILD IN STREET—CONTRIBUTORY NEGLIGENCE OF PARENTS—QUESTION OF FACT—NONSUIT—SUPPORT OF VERDICT.—In an action for the negligence of the defendant, in carelessly driving a buggy over a child, seven years old, while playing in the street, where there is evidence tending to prove negligence on the part of the defendant, and there is no proof of contributory negligence on the part of the parents of the child other than the mere fact that the child was unattended in the street, the question of their contributory negligence is one of fact for the jury, and a nonsuit of the plaintiff is properly denied; and a verdict for the plaintiff in such case will not be disturbed upon appeal.

ID.—BURDEN OF PROOF.—The burden of proving contributory negligence of the parents of the child devolves upon the defendant, unless it is made to appear by the evidence of the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. JOHN HUNT, Judge.

The facts are stated in the opinion.

*Eugene F. Bert,* for Appellant.

Plaintiff's testimony shows conclusively that he and his parents were guilty of such negligence as contributed to the accident, without which it would not have happened, and therefore the verdict was contrary to the preponderance of evidence, and against law. (*Gahagan* v. *Boston etc. R. R. Co.*, 1 Allen, 187; 79 Am. Dec. 724; *Lucas* v. *New Bedford etc. R. R. Co.*, 6 Gray, 64; 66 Am. Dec. 406; *Gavett* v. *Manchester etc. R. R. Co.*, 16 Gray, 501; 77 Am. Dec. 422; *Todd* v. *Old Colony R. R. Co.*, 3 Allen, 18; 80 Am. Dec. 49; 7 Allen, 207; 83 Am. Dec. 679; *Wright* v. *Malden etc. R. R. Co.*, 4 Allen, 289; *Butterfield* v. *Western R. R. Co.*, 10 Allen, 533; 87 Am. Dec. 678; *Stevens* v. *Oswego R. R. Co.*, 18 N. Y. 422; *Wilds* v. *Hudson River R. R. Co.*, 24 N. Y. 433; *Clark* v. *Eighth Avenue R. R. Co.*, 36 N. Y. 136; 93 Am. Dec. 495; *Wilcox* v. *Rome etc. R. R.*, 39 N. Y. 358; 100 Am. Dec. 440; *Waite* v. *N. E. R. Co.*, 96 Eng. Com. L. 726; *Singleton* v. *E. C. R. Co.*, 97 Eng. Com. L. 287; *Kline* v. *Central Pac. R. R. Co.*, 37 Cal. 400; 99 Am. Dec. 282; *Needham* v. *San Francisco etc. R. R. Co.*, 37 Cal. 409; *Flynn* v. *San Francisco etc. R. R. Co.*, 40 Cal. 14; 6 Am. Rep. 595; *Flemming* v. *Western Pac. R. R. Co.*, 49 Cal. 253; *Meeks* v. *Southern Pac. R. R. Co.*, 52 Cal. 602.) The motion for nonsuit should have been granted. (*Meeks* v. *Southern Pac. R. R. Co., supra; Needham* v. *San Francisco etc. R. R. Co., supra; Gay* v. *Winter*, 34 Cal. 153; *Kline* v. *Central Pac. R. R. Co., supra; Flynn* v. *San Francisco etc. R. R. Co., supra; Flemming* v. *Western Pac. R. R. Co., supra.*)


*M. C. Hasslett,* for Respondent.

Negligence is not imputed to either the parent or child, but the question of negligence must be submitted to the jury and passed upon by it like any other fact. (*Newman* v. *Phillipsburg etc. R. R. Co.*, 52 N. J. L. 446; *Norfolk etc. R. R. Co.* v. *Groseclose*, 88 Va. 267–70; 29 Am. St. Rep. 718; *Sioux City etc. R. R. Co.* v. *Stout*, 17 Wall. 657; *Wymore* v. *Mahaska County*, 78 Iowa, 396;

16 Am. St. Rep. 449; *Battishill* v. *Humphreys*, 64 Mich. 494–503; *Shippy* v. *Au Sable*, 85 Mich. 280; *Winters* v. *Kansas City etc. Ry. Co.*, 99 Mo. 509; 17 Am. St. Rep. 591; *Chicago City Ry. Co.* v. *Wilcox*, 24 N. E. Rep. 419; *Ferguson* v. *Columbus etc. Ry.*, 77 Ga. 102.) As there is no fixed standard of age when a child ceases to be *non sui juris* and becomes *sui juris*,. the courts usually regard the question as one of capacity, and require the jury to determine the capacity of the child, and measure of care required of the particular child under the circumstances of each case. (*Gunn* v. *Ohio etc. R. R. Co.*, 36 W. Va. 165; 32 Am. St. Rep. 842; 37 W. Va. 421; *Buck* v. *People's etc. Co.*, 46 Mo. App. 555; *Schnur* v. *Citizen's Traction Co.*, 153 Pa. St. 29; 34 Am. St. Rep. 680; *Louisville etc. Ry. Co.* v. *Sears*, 38 N. E. Rep. 837; *Bottoms* v. *Seaboard etc. R. R. Co.*, 114 N. C. 699; 41 Am. St. Rep. 799; *Chicago City Ry. Co.* v. *Willcox*, 24 N. E. Rep. 419; *Huerzeler* v. *Central etc. R. R. Co.*, 139 N. Y. 490; *Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504; *Moebus* v. *Herrmann*, 108 N. Y. 349; 2 Am. St. Rep. 440; *Sykes* v. *Lawlor*, 49 Cal. 236; *Schierhold* v. *North Beach etc. R. R. Co.*, 40 Cal. 447.)

VANCLIEF, C.—This is an action to recover damages for personal injuries.

At the time of the injuries plaintiff, then about seven years of age, was upon a public street in the city of San Francisco, and was playing "tag" with his sister and another girl, each of the age of about eleven years. They were in front of the house where plaintiff and his parents resided. Defendant was driving a horse attached to a buggy, which passed over the plaintiff, breaking his left thigh bone and otherwise injuring him. Plaintiff had been going to school for about a year, at some distance from his home, crossing two railroad tracks in going and returning. He generally went alone in the morning; sometimes little girls would be with him coming home. On these occasions he always safely took care of himself.

The cause was tried with a jury. At the close of plaintiff's evidence in chief the defendant moved for a nonsuit on the ground of contributory negligence of the child's parents in allowing him to go upon the street without any person exercising proper care or control over him. The court denied the motion. The jury returned a verdict for plaintiff, awarding him one thousand dollars. The defendant moved for a new trial, which was denied; and he appeals from the judgment and from the order refusing a new trial.

There is no question that the evidence tended to prove negligence on the part of the defendant. Therefore, the burden of proving contributory negligence of the parents of the child devolved upon the defendant, unless it had been made to appear by the evidence for plaintiff. But there was no evidence of negligence of the parents, except the facts above stated.

In the case of *Schierhold* v. *North Beach etc. R. R. Co.* 40 Cal. 447, the court, speaking of the negligence of parents in a case like this, said: "The fact of negligence is generally an inference from many facts and circumstances, all of which it is the province of the jury to find. It can very seldom happen that the question is so clear from doubt that the court can undertake to say, as matter of law, that the jury could not fairly and honestly find for the plaintiff. It is not the duty of the court in such cases, any more than in any other, to usurp the province of the jury and pass upon the facts. And the nonsuit should only be granted in such cases where the evidence of the misconduct on the part of the injured party is so clear and irresistible as to put the case on a par with those cases where a nonsuit is granted for a failure to introduce evidence sufficient to go to the jury, upon some point essential to the plaintiff's case. . . . . The question whether there was negligence on the part of the parents of the child, in allowing him to be in the streets unattended, ought to have been submitted to the jury. This depended, not only upon his age, but his intelligence and physical

ability, and we cannot say, as matter of law, there was negligence in this particular case."

In *Huerzeler* v. *Central Cross etc. R. R. Co.*, 139 N. Y. 494, the court held: "It was not negligence, as matter of law, for the mother of a child (a little over five years of age) to permit her to be in the street"—that it was a question of fact for the jury to determine. (See, also, *Kline* v. *Central Pac. R. R. Co.*, 37 Cal. 400; 99 Am. Dec. 282; *Meeks* v. *Southern Pac. R. R. Co.*, 52 Cal. 602; *McQuilken* v. *Central Pac. R. R. Co.*, 64 Cal. 464; *Higgins* v. *Deeney*, 78 Cal. 578.) I think the court did not err in denying the nonsuit.

The only other point presented by appellant is that the evidence was insufficient to justify the verdict.

Upon all the issues as to which the evidence is claimed to be insufficient it was substantially conflicting. It clearly tended to prove negligence of the defendant. It tended to prove that he was intoxicated and, under the circumstances, was driving at a reckless speed, and that with proper care he might have avoided the accident. There was no other evidence of contributory negligence on the part of the plaintiff or his parents than that above stated, and there is no pretense that the case was not fairly submitted to the jury.

I think the judgment and order appealed from should be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.