CHICAGO G. W. RY. CO. v. KOWALSKI.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1899.)

No. 1,089.

1. RAILROADS—INJURY AT CROSSING—QUESTIONS FOR JURY.
   In an action for an injury at a railroad crossing, where the evidence shows that the crossing was on one of the principal business streets of a city, constantly traveled by large numbers of people, and on which was a street-car line, the question whether the railroad company was negligent in failing to maintain a flagman or gates at the crossing is one of fact for the jury.

2. NEGLIGENCE—INJURY TO INFANT—CONTRIBUTORY NEGLIGENCE OF PARENTS.
   In an action by an infant in its own right for personal injuries resulting from the negligence of a third party, the fault or negligence of its parents, contributing to the injury, cannot be imputed to the child.

In Error to the Circuit Court of the United States for the Northern District of Iowa.

This was an action by Frank Kowalski, an infant, by his next friend, against the Chicago Great Western Railway Company, to recover for personal injuries. There was judgment on a verdict for plaintiff (84 Fed. 586), and defendant brings error.

D. J. Lenehan (D. E. Lyon, on the brief), for plaintiff in error.

N. E. Utt (Alphons Matthews, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is a railroad crossing case which originated in the city of Dubuque, Iowa. Frank Kowalski, the plaintiff below and the defendant in error here, at the time of the injuries complained of, was an infant about three months old, and was riding in a two-horse wagon with his father and mother along Rhomberg avenue, in the city of Dubuque. The track of the Chicago Great Western Railway Company, the plaintiff in error, crosses this avenue in a busy part of the city; and, as the wagon in which the Kowalskis were riding reached the crossing, it was struck by one of the defendant company's trains which was at the time moving backward from the northwest across the avenue. The petition specified various acts of negligence on the part of the railway company,—among others, that the train was moving at a dangerous rate of speed; that there was no lookout or brakeman at the rear end of the train; that no warnings of its approach were given by sounding the bell or blowing the whistle; and that the company also failed to maintain a watchman at the crossing as it should have done, in view of the location of the crossing, the amount of travel over the same, and its dangerous character. At the conclusion of the case, the trial court charged the jury, in substance, that the plaintiff below had failed to produce any evidence in support of any of the charges of negligence contained in the petition, save the charge that the defendant company should have maintained a watchman at the crossing; and it left the jury at liberty to determine, in view of all the facts and circumstances in evidence, whether that charge was well founded,

and whether, in the exercise of ordinary care, a flagman should have been stationed at the crossing. It also instructed the jury that, as the plaintiff below was a mere infant only three months old, it was not capable of exercising any care for its own protection, and that the negligence of its parents could not be imputed to it. There was a verdict in favor of the infant for $2,000, but the same jury, on the same evidence, returned a verdict against the child's mother, Dora Kowalski, who was injured by the same collision, and who had sued the defendant company for damages.

There are only two questions presented by the record which require notice; the first being whether the trial court erred in permitting the jury to determine, as a matter of fact, whether the company was guilty of culpable negligence in failing to station a flagman at the crossing; and the second being whether the court erred in holding that the parent's negligence could not be imputed to the infant plaintiff.

Concerning the first of these questions, it may be said that there was evidence before the jury which tended to show that Rhomberg avenue is one of the principal thoroughfares of the city of Dubuque; that the defendant's railroad track crosses the avenue rather obliquely from the northwest to the southeast; that a street-railway track was laid in the avenue which crossed the defendant's railroad track at the place where the accident occurred; that there was a great amount of travel of various kinds along the avenue, it being in the business part of the city; and that in approaching the defendant's track from the northeast, the direction in which the Kowalskis were driving on the occasion of the accident, the view up the railroad track to the northwest was more or less obstructed by buildings, by a fence and a grape vine growing thereon, and by telegraph or telephone poles, so that a traveler approaching the crossing could not see up the track to the northwest until he was about 30 feet from the crossing, and could then see only about 100 feet. It also appeared that there was a pump factory in the immediate neighborhood of the crossing containing some heavy machinery, which made considerable noise when it was in operation, and that on the morning of the accident a gang of men were working on Rhomberg avenue, near the railroad track, macadamizing the street, and that by reason of their work the street was quite rough, and that the gang of workmen made more or less noise.

Without going further into details respecting the evidence, it will suffice to say that the testimony concerning the location and surroundings of the crossing was of such a character that it fell within the province of the jury, rather than the court, to decide whether the exercise of ordinary prudence on the part of the railway company, and a proper regard for human life, did or did not require it to station a watchman at the crossing, or to maintain gates to warn travelers upon the avenue of the approach of trains. No court ought to say, as a matter of law, with respect to a crossing located as this was in the heart of a city, on one of its principal thoroughfares, and with such surroundings as the evidence discloses, that a company maintaining such a crossing discharges its full duty to the public, and is

guilty of no negligence, although it fails to provide a watchman or gates to warn persons traveling in vehicles of approaching trains. If such a standard of duty is to be adopted it should be done by juries rather than by judges. It is very probable, we think, that, if a flagman had been stationed at the crossing in question, the injuries complained of would not have been sustained, and so the jury evidently concluded. We have no fault to find with that conclusion. We think that the trial court properly submitted the issue as to the defendant's negligence in failing to station a flagman at the crossing to the consideration of the jury, and its action in that regard is well sustained by the authorities. Railway Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679; Railway Co. v. Tripkosh's Adm'r, 32 U. S. App. 168, 14 C. C. A. 615, and 67 Fed. 665; Railway Co. v. Kuhn, 86 Ky. 578–589, 6 S. W. 441; Improvement Co. v. Stead, 95 U. S. 161.

The question in the case of principal interest is whether the trial court rightly instructed the jury that the negligence of the parents of the child on the occasion of the accident could not be imputed to the child. The authorities upon this point, as is well known, are at variance. The doctrine that the negligence of a parent is imputable to his infant child in a suit brought by the infant in his own right to recover damages for an injury sustained through the negligent act of a third party, which was in part occasioned by the parent's fault, owes its origin in this country to the decision in Hartfield v. Roper, 21 Wend. 615, decided in 1839 by the supreme court of New York, which doctrine has since been adhered to in that state. Thurber v. Railroad Co., 60 N. Y. 326–333. The New York doctrine has been followed in Massachusetts without much discussion of the grounds upon which it rests (Gibbons v. Williams, 135 Mass. 333, and cases cited); also in the state of Maine (Brown v. Railway Co., 58 Me. 384–388); also in Minnesota (Fitzgerald v. Railway Co., 29 Minn. 336–339, 13 N. W. 168); also in California (Meeks v. Railroad Co., 52 Cal. 602); also in Wisconsin (Parish v. Town of Eden, 62 Wis. 272, 22 N. W. 399); and in a few other states. The doctrine of Hartfield v. Roper was early repudiated in Vermont in a decision rendered by Judge Redfield in 1850. Robinson v. Cone, 22 Vt. 213–225. The doctrine was examined and rejected in New Jersey in an able decision by Chief Justice Beasley in the case of Newman v. Railroad Co., 52 N. J. Law, 446, 19 Atl. 1102. It was there held that the negligence of a parent could not be imputed to his infant child in a suit brought by the infant in its own right for injuries sustained through the negligence of a third party, either on the ground that the parent is an agent of his child, or on the ground of any supposed identity of the parent and child. The New Jersey rule is approved in Pennsylvania (Railway Co. v. Schuster, 113 Pa. St. 412, 6 Atl. 269); also in Virginia (Railroad Co. v. Groseclose's Adm'r, 88 Va. 267, 13 S. E. 454); also in North Carolina (Bottoms v. Railroad Co., 114 N. C. 699, 19 S. E. 730); also in Iowa (Wymore v. Mahaska Co., 78 Iowa, 391–398, 43 N. W. 264); also in Missouri (Winters v. Railway Co., 99 Mo. 509–519, 12 S. W. 652); also in Ohio (Railroad Co. v. Eadie, 43 Ohio St. 91, 1 N. E. 519); and in several other states which are enumerated by Judge Baker in Berry v. Railroad Co., 70 Fed. 679–682. The

New York doctrine was followed at first in Indiana, Illinois, and Kansas in the following cases: Hathaway v. Railroad Co., 46 Ind. 25, Railroad Co. v. Grable, 88 Ill. 441, and Railroad Co. v. Smith, 28 Kan. 541–557; but it has been very recently repudiated in those states, after a careful consideration of the subject, in the following cases: City of Evansville v. Senhenn (Ind. Sup.) 47 N. E. 634, Railway Co. v. Wilcox, 138 Ill. 370–377, 27 N. E. 899, and Railroad Co. v. Bockoven, 53 Kan. 279–289, 36 Pac. 322. The decision of this court in Railway Co. v. Lapsley, 4 U. S. App. 542–554, 2 C. C. A. 149, and 51 Fed. 174, did not commit, and was not intended to commit, this court to either view of the question now at issue, because it was not involved in that case.

We think that there is at the present time a decided preponderance of authority in favor of the doctrine that, in a suit brought by an infant in its own right for personal injuries, its parents' fault or negligence cannot be imputed to the child. In view of the general trend of the authorities, it is highly probable that this view will ultimately prevail in the courts of last resort of all the states composing this circuit which have not already adopted it, and for that reason, among others, we think that it should be sanctioned by this court. The judgment of the lower court is therefore affirmed.