[Sac. No. 2717.   Department Two.—February 26, 1919.]

## SALVADORE ZARZANA, etc., Respondent, v. NEVE DRUG COMPANY (a Corporation), et al., Appellants.

[1] NEGLIGENCE—INJURY TO INFANT—ACTION IN OWN RIGHT—IMPUTED NEGLIGENCE OF PARENTS—QUESTION OF FACT.—In an action by an infant in his own right for damages for personal injuries from being struck by a motorcycle, the question of imputed contributory negligence on the part of plaintiff's parents sufficient to defeat plaintiff's action, assuming it to be properly a part of the case, was one of fact, and not of law.

[2] ID.—ACTIONS BY CHILDREN—IMPUTED NEGLIGENCE—DOCTRINE INAPPLICABLE.—The rule of imputed negligence as applied to actions by children in their own right no longer prevails, if it ever did prevail, in this state.

[3] ID.—USE OF STREETS—DUTY OF DRIVERS OF MOTOR VEHICLES.—Aside from section 22b of the Motor Vehicle Act (Stats. 1915, p. 397), the driver of a motor vehicle is bound to use reasonable care to anticipate the presence on the streets of other persons having equal rights with himself to be there.

[4] ID.—COLLISION WITH MOTORCYCLE—NEGLIGENCE OF DRIVER—SUFFICIENCY OF EVIDENCE.—In an action by an infant in his own right for damages for personal injuries from being struck by a motorcycle, evidence that the driver was going at a speed of fifteen miles per hour on a wet and slippery street crowded with traffic, which speed was sufficient upon a sudden stoppage to throw him over the handle-bars, is sufficient to justify a finding of negligence.

APPEAL from a judgment of the Superior Court of Sacramento County.   Charles O. Busick, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Downey, Pullen & Downey for Appellants.

Fred J. Harris for Respondent.

LENNON, J.—In this action, plaintiff sued in his own right for the sum of five thousand dollars and recovered judgment in the sum of $350, with costs of suit, as damages for personal injuries, the result of being struck by a motorcycle ridden and driven by the defendant Albert Holthaus, who at the time was in the employ of the defendant Neve Drug Company. Issue was joined as to the negligence of the defendants, and as a special defense, the answer of both defendants pleaded that "the injuries occurring to . . . plaintiff were proximately caused by the negligence of the parents of . . . plaintiff in allowing . . . plaintiff, a boy of five years of age, to be upon the highway where said accident occurred unaccompanied and unprotected, except by an older brother of . . . plaintiff, who was then and there of tender age and not a fit and proper person to accompany . . . plaintiff across said highway." The action was tried by the court below without a jury and the appeal is from the judgment upon a record which shows the facts of plaintiff's case, in so far as they appertain to the time, cause, and character of the accident, to be substantially as follows: The accident occurred between the hours of 5 and 6 o'clock P. M. on January 24, 1916, at the intersection of two streets in the residential district of the city of Sacramento, which streets at the time of the accident, as was usual at that hour of the day, were crowded with the traffic of pedestrians, street-cars, motor vehicles, and other conveyances. The injuries complained of consisted generally of bodily bruises and lacerations and fractures of the bones of plaintiff's left leg. The plaintiff, a boy of five years of age, in company with his brother, two years older, was on his way from his home on an errand to near-by relatives. The boys had arrived at the northeast intersection of the streets in question as the defendant Holthaus was approaching on a motorcycle traveling, as he testified, when called as a witness for plaintiff, at a speed of fifteen miles an hour, and at a time when the asphalt paved streets were wet and slippery. When approaching the intersection of said streets, and when thirty feet distant therefrom, the defendant Holthaus saw the plaintiff and his brother standing on the edge of the sidewalk. While Holthaus was approaching, the plaintiff and his brother, the latter holding plaintiff's hand, started to cross the street, and when within about eight feet of the boys, Holthaus applied the brake of the motorcycle, with the result that the

machine skidded upon the wet and slippery pavement and collided with the plaintiff with great force and caused the injuries complained of. The sudden stoppage of the machine, resulting from the application of the brake, precipitated Holthaus over the handle-bars and on to the ground. The testimony is in conflict as to whether or not Holthaus, at any time after he saw the plaintiff and his brother standing on the corner, sounded the horn of his machine. The evidence is also in conflict as to whether it was daylight or dark at the time of the accident, but the fact that the motorcycle was without a light at the time of the accident is undisputed. Upon the conclusion of the plaintiff's case as thus outlined the defendants interposed a motion for a nonsuit upon the ground that the plaintiff's evidence did not show negligence on the part of Holthaus, and did show as a matter of law "imputed negligence" on the part of the mother of plaintiff in allowing him to be exposed to the hazards of the street without adequate protection. The trial court found that Holthaus was guilty of negligence which was the proximate cause of the injury and that the parents of the plaintiff were not guilty of "imputed" or any negligence. The correctness of the trial court's ruling upon the motion for a nonsuit and the claimed insufficiency of the evidence to support the trial court's finding of negligence are the only points involved in the appeal.

The contention that the trial court was compelled, as a matter of law, upon the decision of the motion for a nonsuit, to deduce from plaintiff's proofs the existence of imputed contributory negligence on the part of plaintiff's parents sufficient to defeat plaintiff's action, is based upon the assumption that the doctrine of imputed negligence is a firmly fixed feature of the law of negligence in California and has been adopted in this state to the extreme extent that when such a defense is relied upon, as was done here, the question of whether or not there was such negligence is wholly and exclusively a question of law; and with this assumption as a basis, it is argued that even though the action was not by the parents in their own behalf, but was by the plaintiff alone in his own right for personal injuries to him, the court below should have invoked and applied the doctrine of imputed negligence to the facts of plaintiff's case, and then have determined as a matter of law whether the claim of contributory negligence on the part of the parents was well or ill founded. This contention

is attempted to be supported by the citation of the following cases: *Schierhold* v. *North Beach etc. Ry. Co.*, 40 Cal. 447; *Meeks* v. *Southern Pacific R. R. Co.*, 52 Cal. 602; *McQuilken* v. *Central Pacific Ry. Co.*, 64 Cal. 463, [2 Pac. 46]; *Higgins* v. *Deeney*, 78 Cal. 578, [21 Pac. 428]; *Daly* v. *Hinz*, 113 Cal. 366, [45 Pac. 693]; *Fox* v. *Oakland etc. Ry. Co.*, 118 Cal. 55, [62 Am. St. Rep. 216, 50 Pac. 25]. Our perusal of these cases has not satisfied us that the doctrine of a parent's "imputed negligence" in the care and control of the activities of its child is firmly fixed as a part and parcel of the substantive law of this state, in so far as it concerns the adjudication of cases of an infant suing in his own right for compensation for personal injuries to him. All but two of the cited cases do no more, primarily and directly, than decide that the solution of the question of whether or not "imputed negligence" as a contributing cause of an infant's injury is one of fact or of law is dependent, as is commonly the case, upon a consideration of the evidentiary circumstances preceding and attending the infliction of the injury, and that when such circumstances, even though the evidence be nonconflicting, may, as oftentimes happens, readily and rightfully respond to one of two distinctly different deductions, the question of negligence, imputed or otherwise, is always a question of fact. **[1]** Applying, as doubtless the trial court did, these fundamental and familiar principles of the general rules of evidence pertaining to the law of negligence to the facts of the case, it correctly concluded that the question presented, assuming it to be properly a part of the case, was one of fact and not of law. (*Meeks* v. *Southern Pacific R. R. Co.*, 52 Cal. 602; *Daly* v. *Hinz*, 113 Cal. 366, [45 Pac. 693].) But was the question properly a part of the case? Doubtless, where the parent is suing in his own right, the doctrine of imputed negligence applies (*Neff* v. *City of Cameron*, 213 Mo. 350, [127 Am. St. Rep. 606, 18 L. R. A. (N. S.) 320, 111 S. W. 1139]), but in this behalf it will be noted that only in two of the cases relied upon to support the contention made here (*Meeks* v. *Southern Pacific R. R. Co.*, *supra; Daly* v. *Hinz, supra*) does it appear that the injured infant was a plaintiff suing in his own right, and while the doctrine in question was in those cases dealt with, still it was not definitely and distinctly invoked and applied as a decisive factor in either case, nor was its soundness, in so far as its applicability to the instant cases was concerned, challenged or

considered in either case, and, therefore, we are of the opinion that it cannot be held that the tacit recognition of the doctrine in those two cases warrants the conclusion that the doctrine, unrestricted, was ever the carefully considered and finally accepted law of this state; and we have but little difficulty and less hesitation in here and now refusing to recognize the doctrine as having any application to cases of the character under consideration here when we stop to consider that the doctrine found no sanction in the common law, was originally conceived in the sin of a far-fetched fiction, and wormed its way into the law of a few jurisdictions through the medium of a *dictum* declared in the case of *Hartfield* v. *Roper,* 21 Wend. (N. Y.) 615, [34 Am. Dec. 273], and thereafter blindly followed despite the fact that it has never, so far as we are aware, been decisively accepted by any court of last resort where its soundness was squarely challenged, and when challenged, it has been judicially anathematized by the "overwhelming weight of authority as well as of argument" as an obsolete and exploded legal heresy which was ever contrary to humanitarian and common-sense conceptions of the justice of rules which should be employed in the adjudication of the relative and immediate rights and wrongs of individuals. (*Neff* v. *City of Cameron, supra; Robinson* v. *Cone,* 22 Vt. 213, [54 Am. Dec. 67] ; *Berry* v. *Lake Erie etc. Co.,* 70 Fed. 682; *Chicago etc. Co.* v. *Kowalski,* 92 Fed. 312, [34 C. C. A. 1] ; *Wymore* v. *Mahaska Co.,* 78 Iowa, 398, [16 Am. St. Rep. 449, 6 L. R. A. 545, 43 N. W. 264] ; *Flaherty* v. *Butte etc. Ry. Co.,* 40 Mont. 454, [135 Am. St. Rep. 630, 107 Pac. 416] ; Shearman & Redfield on Contributory Negligence, secs. 75, 78.) Commenting on *Hartfield* v. *Roper,* 21 Wend. (N. Y.) 615, [34 Am. Dec. 273], the parent case in the United States on the doctrine of imputed negligence, and referring to the approval of the doctrine by the English courts, Beach on Contributory Negligence, third edition, section 127, has this to say: "The rule of imputed negligence, as applied to persons *non sui juris,* is an anomaly. The English law on this point presents an extraordinary illustration. On the one hand it is held that the negligence of the person having charge of a child is the negligence of the child, and imputable to it, when the child comes into a court of justice and asks damages for an injury negligently inflicted upon it by the defendant. But, *per contra,* when a donkey is carelessly run down in the highway, where he is negligently ex-

posed, the defendant is liable, and though oysters are negligently placed in a river-bed, it is an injury redressible at law in damages for a vessel negligently to disturb them. It appears, therefore, that the child, were he an ass or an oyster, would secure a protection which is denied him as a human being of tender years, in such jurisdictions as enforce the English or the New York rule in this respect.'' The rule first enunciated in *Robinson* v. *Cone*, 22 Vt. 213, [54 Am. Dec. 67], to the effect that the negligent exercise of a parent's care and control of a child is not to be imputed to the child as a defense to an action by the child itself for personal injuries, is abundantly approved by the rulings and reasoning to be found in twenty and more jurisdictions throughout the United States (Shearman & Redfield on Contributory Negligence, *surpa*), and ''in at least three states where the doctrine of *Hartfield* v. *Roper,* 21 Wend. (N. Y.) 615, [34 Am. Dec. 273], was once followed, Indiana, Minnesota, and Illinois, it is now repudiated.'' (*Neff* v. *City of Cameron,* 213 Mo. 350, [127 Am. St. Rep. 606, 18 L. R. A. (N. S.) 320, 111 S. W. 1139].) **[2]** Following in the wake of the preponderating weight of authority we may well and wisely, although somewhat tardily, declare that the rule of imputed negligence as applied to actions by children in their own right no longer prevails, if it ever did prevail, in this jurisdiction.

The evidence sufficiently supports the finding of negligence on the part of the defendant Holthaus. In this behalf it will be noted that at the time of the accident there was in force and effect the Motor Vehicle Act of 1915 (Stats. 1915, p. 397), which provided that ''every person operating or driving a motor or other vehicle on the public highways of this state shall operate or drive the same in a careful and prudent manner and at a rate of speed not greater than is reasonable and proper, having regard to the traffic and use of the highway, and no person shall operate or drive a motor or other vehicle on a public highway at such rate of speed as to endanger the life or limb of any person or the safety of any property.'' (Section 22b.) **[3]** Aside from the mandate of the statute, the driver of a motor vehicle is bound to use reasonable care to anticipate the presence on the streets of other persons having equal rights with himself to be there. Motor vehicles have not as yet been granted an exclusive right of way over public thoroughfares. **[4]** In the presence of the uncontroverted

testimony that the defendant Holthaus just prior to the accident was driving his motorcycle at a speed of fifteen miles an hour upon a wet and slippery street crowded with the traffic of street-cars, motor vehicles, and pedestrians, which speed was sufficient upon a sudden stoppage to throw him over the handle-bars, we cannot say that the trial court was not justified in finding that the defendant Holthaus was guilty of negligence. (*O'Dowd* v. *Newnham,* 13 Ga. App. 220, [80 S. E. 36].)

The judgment is affirmed.

Melvin, J., and Wilbur, J., concurred.