### BAXTER et al. v. McKINLAY et al.

WHERE there is some evidence to support the verdict, and a motion for new trial is overruled, the Supreme Court will not interfere.

In suit against an agent for fraudulently appropriating money of plaintiff, defendant cannot, on the trial, object, that the person making the demand on him before suit did not exhibit his authority so to do, unless defendant questioned his authority at the time of demand.

APPEAL from the Fourth District.

The plaintiffs sue to recover $2,500 with interest, alleging that in the year 1854, they remitted that sum to be invested for their account at interest on real estate security in this city, and the defendants advised them they had so loaned it, and remitted the interest from time to time, until the early part of 1857, after which they ceased to remit; and that about the month of March, 1858, they discovered for the first time that the defendants had never loaned out the money, but had fraudulently applied it to their own use and refuse to account for it. The answer is a general and specific denial of every allegation in the complaint, and sets up also the statute of limitations.

They also proved that Mr. Smith, claiming to be the attorney for the plaintiffs, had called on the defendants and demanded information as to whom, and when, and on what security, the money had been loaned, to which the defendants made no reply, except to say that the matter was in the hands of their attorney, Mr. Manchester. Mr. Smith afterwards repeated his demand in a written communication, to which the defendants made no reply.

Verdict for plaintiffs; judgment accordingly. Defendants appeal.

*Crockett & Crittenden*, for Appellants, cited Story on Agency, sec. 440, as to the demand.

*Sidney V. Smith*, for Respondents, on the same point, cited *Payne* v. *Smith*, 12 N. H. 34: 23 Wend. 462; *Coles* v. *Bell*, cited in 1 Camp. 78.

Thompson *v.* Paige.

Cope, J. delivered the opinion of the Court—Baldwin, J. concurring.

The defendants are charged-in this case with a fraudulent appropriation of money as the agents of the plaintiffs. We are asked to reverse the judgment, upon the ground that the verdict of the jury is not sustained by the evidence. The proceedings seem to have been fairly conducted, and there is certainly some evidence to support the verdict. The Court below refused a new trial, and we do not feel ourselves at liberty to interfere. The point in relation to the demand is not well taken. The authority of the person who made it was not questioned, and the defendants cannot now object that such authority was not exhibited at the time the demand was made. (See *Payne* v. *Smith*, 12 N. H. 34; *Connah* v. *Hale*, 23 Wend. 460.) In the former case the Court said: "Where a demand is made by attorney, the party has a right to require reasonable evidence of the authority of the individual to make it; but if no exception is taken at the time, then a subsequent commencement of a suit by the party in whose behalf it was made, claiming under such demand, is a ratification of it, and is *prima facie* evidence, at least, that it was made by his authority." The latter case is equally pointed.

We think the judgment should be affirmed, and it is so ordered.