84  639
88  607

84  639
146  322

[No. 12242. In Bank. — July 5, 1890.]

JOHN IPSWITCH, APPELLANT, v. BERNARDO FER-NANDEZ, RESPONDENT.

APPEAL — CONFLICTING EVIDENCE. — When the evidence is substantially conflicting, the supreme court cannot disturb the verdict of the jury or an order denying a new trial, on the ground that it was against the evidence.

NEW TRIAL — INTOXICATION OF JUROR — STATEMENT OF FACT IN OPINION OF JUDGE. — It seems that a statement of fact as to the intoxication of a juror, made by a judge in passing upon a motion for a new trial, cannot be regarded as establishing the fact, when the evidence is conflicting in relation thereto, and preponderates against the fact; but if such statement discloses that the intoxication was patent to all parties, an order denying a new trial will, at all events, be affirmed.

ID. — ESTOPPEL OF LOSING PARTY AS TO KNOWN INTOXICATION OF JUROR. — If the intoxication of a juror, which is urged as a ground of new trial, is shown to have continued from the beginning of the trial to its close, and was apparent to the losing party, he could not keep quiet on the subject, and take the chances of a favorable verdict, and then avail himself of it for the first time after his defeat.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Moore & Reed,* and *Hiram Mills,* for Appellant.

*W. S. Tinning,* and *Chase, Chase & Miller,* for Respondent.

McFarland, J. — Appeal by plaintiff from the judgment in favor of defendant, and from an order denying a new trial.

It is unnecessary to determine the motions made to dismiss the appeal, and to strike out a portion of the transcript, which are urged by the respondent, as will appear from the conclusion reached herein.

The evidence on the issues of fact involved was fairly conflicting, and we cannot disturb the verdict of the jury on the ground that it was against the evidence.

The most serious ground for a new trial taken by appellant is misconduct of the jury, based on the allegation that one of the jurors was intoxicated. The evidence on the point consists of two affidavits, one by plaintiff, and the other by the juror whose intoxication is alleged. Plaintiff states in his affidavit that the trial of the case occupied several days; that the jurors were allowed to separate at all recesses; that "affiant is informed and believes, and so charges the truth to be," that, during each and every recess, the said juror "drank to great excess intoxicating drinks"; that "as affiant is informed and believes, at the time the jury were charged by the court, and during their deliberations, the said juror was incompetent, from intoxication, to comprehend and discharge his duties as a juror"; and that affiant did not learn or know these facts "until after said jury had retired to deliberate on their verdict." The affidavit of the juror fully and specifically and positively denies all the charges of intoxication. And if we are to consider only the evidence introduced on the issue, the order denying the new trial should certainly be affirmed, because there is not only a conflict of evidence, but the evidence clearly preponderates against the allegation of intoxication. But the judge of the court below, when denying the motion for a new trial, stated, in writing, as follows: "That the juror was intoxi-

cated must be conceded. The court must take judicial notice of the fact. It was patent to all parties." He then proceeds to give as his reason for denying the new trial, that as nine jurors may render a verdict in a civil case, and as ten united in a verdict for defendant in the case at bar, therefore the verdict was valid, because it was concurred in by the requisite number, not counting the juror charged with intoxication. (This, we suppose, was on the theory that if nine sober jurors cannot be prevented from rendering a verdict by three other sober jurors, they ought not to be so prevented by one drunken juror.) Respondent contends that this statement is mere "opinion" of the court below, and under well-settled practices cannot be considered here; and appellant contends that as it was included in the order denying the motion, it may be considered. Under any view, it would be going very far to hold what a judge may say in passing on a motion for a new trial as *establishing a fact*. At all events, if what he said is to be taken for that purpose, the *whole* of it must be so taken; and we must then take as true that part of it which states that the intoxication of the juror "was apparent to all parties." If, then, the intoxication, which plaintiff avers to have commenced at the beginning of the trial, and continued to its close, was apparent to him, he could not keep quiet on the subject, take the chances of a favorable verdict, and then avail himself of it for the first time after defeat. And it may be remarked as somewhat surprising that if this juror was so manifestly and prominently intoxicated during the whole trial that the court had to "take judicial notice of the fact," no one — neither court nor party nor attorney — made any objection to his well-known condition.

Judgment and order affirmed.

Sharpstein, J., and Fox, J., concurred.

Works, J., concurring. — I concur in the judgment, on the ground that the evidence as to the drunkenness of the juror was conflicting, and the statement of the judge of the court below that he was intoxicated is no evidence of the fact, and cannot be considered by this court for any such purpose.