JOHN G. NOONAN *vs.* P. M. LEAVITT COMPANY.

Suffolk. March 9, 10, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Motor vehicle.

At the trial of an action for personal injuries alleged to have been received when the plaintiff was run into by a motor car driven by an employee of the defendant, there was evidence tending to show that the plaintiff was a watchman in a freight yard; that in the evening as it was growing dark he was walking in a passageway leading from a public way to the rear of a freight house when he observed at a distance down a driveway and beside a lumber yard a motor car which he did not think belonged there; that nearer him he observed the defendant's motor car; that he started to go to the farther motor car to see what it was doing there; that, as he passed the defendant's car, either a man who was seated within it or a man who was alongside it told him that the car farther down the driveway " belonged to the lumberman," whereupon, satisfied, the plaintiff turned and was retracing his steps when he was struck in the back; that, almost immediately after the plaintiff was given the information by the person at or in the defendant's car, it was backed around toward the plaintiff. The jury took a view of the premises from which they might have found that no other vehicle could have struck the plaintiff without first colliding with the defendant's car. The driver of the defendant's car testified that " he was looking back over the side all the time " without seeing the plaintiff. *Held*, that the questions, whether the plaintiff was in the exercise of due care and whether the defendant's employee was negligent, were for the jury.

TORT for personal injuries alleged to have been caused by the plaintiff being run into by a motor car driven by an employee of the defendant. Writ dated May 14, 1919.

In the Superior Court, the action was tried before *White,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiff in the sum of $5,000, which, on motion of the defendant, was reduced to $4,000; and the defendant alleged exceptions.

*D. Boles,* for the defendant.

C. *Abbott*, (*L. R. Eyges & P. M. Lewis* with him,) for the plaintiff.

BRALEY, J. While not questioning the plaintiff's due care, the defendant contends, that the mere fact of a collision between travellers on a public way without more, is not enough to fasten negligence on either, and, there being no affirmative proof of its carelessness, a directed verdict should have been ordered.

The plaintiff was a watchman at the freight yard of a railroad company, whose duties began at four o'clock in the afternoon and ended the following morning. The jury would have been warranted in finding that in the course of his employment at about six o'clock in the evening as it was becoming dark, he was walking in a passageway leading from a public way to the rear of the company's freight house, when he noticed an automobile " standing way down the driveway which he did not think belonged there," and also noticed an automobile "standing alongside the building of House No. 20, . . . up against the door, which he supposed belonged to the defendant." The second automobile stood in front of the side door about twenty feet from Massachusetts Avenue, while the first automobile "further down . . . [was] near a lumber yard, just beyond the furtherest end of the warehouse building," and because of its position the plaintiff thought " it looked suspicious . . . that it should be there at that time of night," and started " to see what that automobile is doing down there." But while passing by the defendant's automobile one Tompkins seated therein, or one Jameson " alongside of him, but standing outside the car " told him, that the first automobile " belonged to the lumberman," and the plaintiff replied, " If that is the case I am not going to bother my head about it," and turned around from where he was standing in front of the defendant's car, and "started to walk directly back toward the office " which was in the building fronting on the avenue. But as he turned to walk back, he was struck "right on my back . . . fell senseless" suffering severe personal injury. The jury took a view of the premises, and could find on the evidence that the accident happened in front of freight house No. 20, and that almost immediately after the plaintiff had been informed as to the ownership of the first automobile the defendant's car began backing round into the freight house yard. It could also be found that no other vehicle could have passed around the corner of the yard and struck the plaintiff without first coming

into collision with the defendant's automobile, and that the plaintiff was run down by its car, as it was backing out of the passageway. The evidence of the defendant's chauffeur that "he was looking back over the side all the time" without seeing the plaintiff, was not conclusive, and whether under all the circumstances the defendant used ordinary care was rightly submitted to the jury. *Hennessey* v. *Taylor*, 189 Mass. 583. *Birch* v. *Athol & Orange Street Railway*, 198 Mass. 257.

*Exceptions overruled.*