[Civ. No. 6665. Second Appellate District, Division Two.—April 15, 1931.]

RUBEN CARAVEO, an Infant, etc., Respondent, v. PICK-WICK STAGES SYSTEM (a Corporation), Appellant.

444

B. P. Gibbs for Appellant.

Lorrin Andrews for Respondent.

ARCHBALD, J., *pro tem.*—This is an appeal by the defendant Pickwick Stages System from a judgment entered against it on the verdict of a jury in favor of plaintiff in the sum of $1750, a motion for nonsuit having been granted as to each of the remaining defendants.

Plaintiff, an infant of the age of five years, by his guardian *ad litem,* brought suit against appellant and its codefendants for injuries sustained in a collision between the car of his father, in which he was riding, and one of appellant's stages. The accident occurred June 3, 1928, at the intersection of Valley Boulevard and Wilson Avenue, in the city of Alhambra, Los Angeles County. The complaint alleged that the driver of the stage so negligently operated the same at the intersection named that without warning or signal to the driver of the car in which plaintiff was riding he "suddenly backed said bus into the automobile" aforesaid, causing the injuries complained of. Both the motorbus and the car in which plaintiff was riding were approaching the intersection from the west. Appellant's stage had just passed the car and turned in front of it when the signal at the intersection changed for the east and west bound traffic to stop. Both the stage and the automobile stopped. Some of the witnesses testified that the stage extended into the intersection about half its length when it came to a stop, others that the front wheels only were in the intersection. Some testified that the stage did not back up

at all, and others that as soon as it stopped it backed suddenly and without warning into the car in which plaintiff was riding and which had stopped a few feet behind.

Appellant contends that the trial court erred (1) in denying its motion for a nonsuit and (2) in denying its motion for a directed verdict; (3) that the evidence does not justify the verdict; (4) that the court erred in giving certain instructions and, apparently, in failing to give certain requested instructions, and (5) in denying its motion for a new trial.

Points 1, 2, 3 and 5, involving a consideration of the evidence as they do, are treated together in appellant's brief, and evidence is quoted which tends to show that the driver of the car in which plaintiff was riding was guilty of negligence which caused the injuries in not stopping sooner and in failing to stop farther behind the stage than he did, he having testified that he saw the bus and the change of signals and also that there was sufficient room on each side of the bus to permit his car to stop at the side instead of the rear of it, as it did.     It will be seen that appellant seeks to impute to the infant plaintiff the negligence of the driver of the car in which he was riding, viz., his father, and the answer of the defendant-appellant sets up such a defense. We must remember that the instant case is not one filed by the father to recover damages suffered by reason of his child's injuries, but is one by the infant, in his own right, for the injuries sustained by him. The Supreme Court, in the case of *Zarzana* v. *Neve Drug Co.*, 180 Cal. 32 [15 A. L. R. 401, 179 Pac. 203], has put to rest, and we hope forever, the barbaric doctrine of imputed negligence in such cases. On page 37 of its opinion the court says: ''Following in the wake of the preponderating weight of authority, we may well and wisely, although somewhat tardily, declare that the rule of imputed negligence as applied to actions by children in their own right no longer prevails, if it ever did prevail, in this jurisdiction.''

We must also bear in mind that the infant in the instant case was not an active participant in the accident. He was merely a passenger in the car, possibly against his will; and while we are not unmindful of the line of cases holding that the law has fixed no precise age at which an infant is held accountable for his actions (*Mayne* v. *San Diego Elec-*

*tric Ry. Co.*, 179 Cal. 173 [175 Pac. 690], and others), and that it is a question for the jury to determine from all the circumstances whether or not the child is of such capacity as to appreciate the danger to which he is exposed (*Vercoe* v. *Lee,* 180 Cal. 338 [181 Pac. 223], and others), yet it is to be noted that in such cases the child was an active participant in the accident, and not as here merely passively, if not protestingly, present. Some of the difficulty of proving negligence on the part of plaintiff here evidently occurred to appellant, as its answer contains no such charge. The plaintiff, being only a passenger in the car of his father, could not be charged with negligence unless he exercised some control over the driver of the car or in law possessed the right of such control (*Pope* v. *Halpern,* 193 Cal. 168, 174 [223 Pac. 470]); and the mere statement of the ages and relationship of the plaintiff and the driver of the car is to refute any such contention, if made. However, no contention of that nature is made here, so the case must rest, not upon the negligence of the driver of the car in which plaintiff was riding but upon the presence or absence of evidence from which the negligence of the driver of appellant's vehicle can be inferred.

Plaintiff's father testified that the stage crossed the line of the intersection about half its length: "Q. And then what happened? A. Then the stage backed up and hit me. Q. Now, did the driver of the stage give any signal before he backed up? A. No." A witness named Rios testified, with regard to the stage: "Q. How long after it stopped did it start back towards Caraveo's car? A. As long enough for Mr. Caraveo to stop his car and the stage just backed right back." The witness Sibold testified upon cross-examination by counsel for defendants: "Now, did this Mexican car go right on up to within two feet of the rear of the stage and stop? A. Stopped two feet behind the stage. Q. Stopped two feet behind the stage and the stage came up and stopped too, as you say? A. The stage stopped and then came back. Q. And then moved back two feet, did it? A. Just came back and backed into the other car. Q. There was a collision, wasn't there? A. Yes, sir, there was." Jesus Arvizo, who was also riding in the car with plaintiff, testified: "Q. Well, this is the white line (indicating). Here are two cars alongside one another. Please show us, now, just what

happened. A. The stage was going over here and got alongside our car and the car—our car was going slower at the same time. Then the stage got in front of us and he crossed the white line, and after he crossed the white line he simply backed up and hit our car. Q. Did you see the driver of the stage do anything before he started to back up or stop? A. No, sir. Q. Did you see any signal given before the stage started to back or stop? A. No, I did not."

There would seem to be no doubt that the jury properly inferred from such testimony that it was negligence for the driver of the stage to pass, turn in front of an automobile and stop, and then, without signaling or looking to the rear (which is also a proper inference), to quickly back up, knowing as he must that he had just passed and turned in front of another car. In our opinion the trial court would have committed serious error in taking the case from the jury on appellant's motion for a nonsuit, as it was clearly the province of the jury to draw the inference of negligence from such evidence; and having drawn it, as they must have done, it is sufficient to support the verdict. (*Gonzales* v. *Davis,* 197 Cal. 256 [240 Pac. 16].) There being such substantial evidence of negligence on the part of the driver of the stage, the court did not err in denying appellant's motion for a directed verdict. (*Seperman* v. *Lyon Fire Proof Storage Co.,* 97 Cal. App. 654, 658 [275 Pac. 980].) As to the order denying a motion for new trial, it is sufficient to say that where there is some evidence to support the verdict and a motion for new trial has been overruled by the trial court, an appellate tribunal will not interfere (*Baxter* v. *McKinlay,* 16 Cal. 76); and where, as here, there is a conflict in the evidence, the driver of the stage and another witness having testified that the bus stopped at the intersection but did not back up, "we cannot disturb the verdict of the jury on the ground that it was against the evidence. (*Ipswitch* v. *Fernandez,* 84 Cal. 639, 640 [24 Pac. 298].)

Appellant complains of two instructions given by the trial court, in the first of which the jury was told substantially that it was the duty of the bus driver, *if he intended to pass and go in front of another automobile, to wait until he could do so with safety to such automobile, and that if the jury found from the evidence that he did*

*not take such precautions as to protect the persons in the automobile so passed he was guilty of negligence.* In the second the jurors were instructed that if they found from the evidence that the bus in question *passed the car* in which plaintiff was riding as a guest *at a rapid rate of speed and suddenly stopped* at an intersection close by, and without any appreciable interval of time *backed suddenly* against such car, causing plaintiff's injuries, and if they further found that said *act or acts* was the proximate cause of plaintiff's injuries, then plaintiff would be entitled to recover such sum as would compensate him, etc. (Appellant's italics.) It is appellant's contention that the only issue of negligence raised by the pleadings is that the stage backed without warning into the car in which plaintiff was riding and that the rate at which the stage was traveling was not in issue at all, nor was any possible negligence in passing the other car; that by the use of the words "act or acts" in the second instruction, which refers to both the speed of the bus and the act of backing it, as well as to passing the other car, the jurors might assume that the court meant all of such acts; and even though they might conclude that the stage did not back into the car, if they did find that it passed the latter vehicle at a rapid rate of speed and suddenly stopped they were privileged to find that its driver was negligent.

The evidence is clear on the proposition that it was the collision of the two cars which caused the injuries, either by the sudden backing of the stage without warning or by reason of the car in which plaintiff was riding running into the bus while it was stopped. It was impossible under the evidence for the injuries to have occurred otherwise; and while possibly the passing at a rapid rate of speed by the stage and the turning in front of plaintiff's car may have accounted for the close proximity of the two cars and the sudden stopping of the stage, it would not seem to be within the issues raised. The court also instructed the jury that if it found that the speed of the stage did not proximately contribute to the accident it was immaterial at what speed it traveled, and also that if the defendant was not guilty of any act which proximately contributed to the accident then plaintiff was not entitled to any damages; and that before defendant could be found negligent such negligence must be

proved by a preponderance of the whole evidence, and must be the direct or proximate cause of the accident. The jurors were further told what proximate cause meant, and in view of the fact that the accident could only have happened by the negligence of either the driver of the stage or of the automobile, or both of them, we fail to see how the instructions complained of could have misled the jury, in view of the others given, if the jury found that the stage did not back into the automobile.

The language complained of in another instruction was to the effect that before *stopping* his car the driver should give the hand signal required by the Motor Vehicle Law. Appellant urges that this instruction was outside the issues and conflicting, misleading and prejudicial to defendant. The court also told the jurors that while it is true that any violation of the Motor Vehicle Act is negligence, that does not mean that a defendant is liable merely because he violated any part of said act, "but it must also appear that such violation, if any, proximately contributed to the accident, and if you find that the accident would have occurred even if the stage had been traveling at a different rate of speed, or standing motionless, then the speed at which it was traveling is immaterial, and the plaintiff is not entitled to recover against the defendant Pickwick Stages System, a corporation, in this action"; and that if they found from the evidence that the stage was being operated as a reasonable and prudent person would operate it, then plaintiff could not recover. We do not see how the jury could be misled in the face of these instructions, in view of the evidence, even assuming that the instructions complained of were outside of the issues.

Two other instructions given, also complained of, were with regard to the negligence of plaintiff's father, the driver of the automobile. The first was to the effect that even though the jury found the father negligent such negligence would not be charged against the plaintiff and "is not a defense to the suit". This seems to correctly state the law under the case of *Zarzana* v. *Neve Drug Co., supra,* and we fail to see how the jury could be misled in applying it. The second instruction was to the effect that if the jurors believed that the collision was the proximate result of the negligence of plaintiff's father, and without any negli-

gence on the part of the driver of the stage, the plaintiff could not recover. Appellant urges that under such instruction "the defendant must be 'without negligence' in order to be held blameless", and in that we agree, for if the jury under the facts of this case found appellant to be negligent, and under the general instructions given also found that such negligence proximately contributed to the injury, it could not be blameless. We see no error in either instruction.

Appellant requested an instruction that the Motor Vehicle Act was in full force at the time of the accident and setting out sections 127 (a) and 114 (a), (b), the latter defining business and residential districts and the first prohibiting the driver of a motor vehicle from following another vehicle, etc., closer than fifteen feet on any public highway outside of a business or residence district. Such instruction could only relate to the negligence of plaintiff's father, and as that is immaterial in the instant case the court did not err in refusing to give it.

Appellant also requested an instruction that if the evidence was found to be "so equally balanced that the scales of proof hang even on the question" of whether the stage driver was or was not negligent, plaintiff could not recover. The court instructed the jurors that the plaintiff must prove his case by a preponderance of the evidence, and also instructed them correctly as to the meaning of that term, and we fail to see where the instruction under discussion would have added anything to the jurors' understanding of the phrase. Under the instructions given, if the evidence of the plaintiff was not more convincing to the jurors than that of defendant he could not recover, and that implies all that the requested instruction says, without the added confusion that in our opinion would result from giving it.

After considering the record we fail to see how the giving of the instructions complained of, or refusing to give the ones requested, in any way prejudiced appellant.

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.