[Civ. No. 12286. First Dist., Div. Two. Mar. 23, 1943.]

ROSE MARLYNE COOLE et al., as Minors, etc., Appellants, v. EMMA HASKINS et al., Respondents

Shirley, Robb & Saroyan for Appellants.

Edmund Scott for Respondents.

SPENCE, J.—Plaintiffs, who were minors of the ages of two and three years respectively, sought to recover damages for personal injuries. Defendants' demurrer to plaintiffs' second amended complaint was sustained without leave to amend and a judgment of dismissal was entered. Plaintiffs appeal from said judgment.

The second amended complaint was in four counts. The first two counts were brought on behalf of one minor plaintiff and the second two counts were brought on behalf of the other minor plaintiff. One count as to each minor plaintiff

was based upon alleged negligence of defendants and the other count as to each minor plaintiff was based upon the alleged maintenance of a nuisance by defendants. The counts based upon the alleged maintenance of a nuisance incorporated by reference all the allegations of the counts based upon alleged negligence and included the added allegations that, by reason of the facts alleged, defendants were maintaining a nuisance and that the injuries sustained by plaintiffs were proximately caused thereby.

The facts alleged are rather unusual. Briefly stated, plaintiffs alleged that while sleeping in a portion of the premises owned by defendants and rented to their parents as a residence, plaintiffs were bitten by rats and were seriously injured as a result of the negligence of, and the maintenance of a nuisance by, defendants on the premises owned by them, a portion of which premises was devoted to the operation of a restaurant by defendants. The alleged negligence and alleged maintenance of a nuisance consisted of "allowing discarded food and vegetable matter, refuse and debris to accumulate about said premises and buildings and restaurant" so that rats were attracted to and infested the same thereby causing the premises to become unfit for human habitation; and in allowing said condition to continue, despite requests to remedy it and with knowledge of the facts and of the propensity of rats to bite and of the danger and hazard to plaintiffs caused thereby, without endeavoring in any manner to exterminate said rats. In support of their alleged causes of action, plaintiffs relied in part upon section 1803 of the Health and Safety Code which reads as follows: "Every person possessing any place that is infested with rodents, as soon as their presence comes to his knowledge, shall at once proceed and continue in good faith to endeavor to exterminate and destroy the rodents, by poisoning, trapping, and other appropriate means." It was alleged that the above-mentioned condition commenced in June, 1941, and was known to defendants at all times and that plaintiffs were bitten by the rats on October 15, 1941.

Plaintiffs contend that the trial court erred in sustaining defendants' demurrer to said second amended complaint. Considering first the general demurrer, we believe it clear that the allegations of the second amended complaint were sufficient. While the complaint is based upon an unusual set

of facts and while no authority directly in point has been called to our attention, this is no valid objection provided the facts alleged bring the causes within recognized general principles of law. (*Miles* v. *A. Arena & Co.*, 23 Cal.App.2d 680 [73 P.2d 1260].) ▮ As was said in the Miles case at page 683, "No person is permitted by law to use his property in such a manner that damage to his neighbor is a forseeable result."

▮ We are of the opinion that the allegations of plaintiffs' second amended complaint were sufficient to state causes of action based upon negligence (Civ. Code, sec. 1714; 19 Cal.Jur. 665) and also upon the maintenance of a nuisance. (Civ. Code, sec. 3479; Civ. Code, sec. 3501).

As we understand the argument of defendants with respect to the charge of negligence, it seems to rest upon the following claims: (1) that the relationship of lessors and lessees existed between defendants and the parents of plaintiffs; (2) that plaintiffs are in the some position with respect to defendants as their parents would have been if the parents had suffered the injuries; (3) that defendants were not liable to plaintiffs or their parents for injuries resulting from the defective condition of the rented premises in the absence of unusual circumstances not alleged in the complaint. (*Nelson* v. *Myers*, 94 Cal.App. 66 [270 P. 719]; *Priver* v. *Young*, 62 Cal.App. 405 [216 P. 966]; *Farber* v. *Greenberg*, 98 Cal.App. 675 [277 P. 534]); and (4) that it appears from the allegations of the second amended complaint that "the injuries were sustained as a result of a defective condition existing in the premises which had been rented by defendants to the parents of plaintiffs."

It is thus apparent that defendants contend that defendants' duties toward plaintiffs began and ended with defendants' duties as lessors of the portion of the premises in which plaintiffs resided and that the complaint failed to show a violation of defendants' duties as such lessors. This contention is based upon certain allegations of the complaint showing that the relationship of lessors and lessees existed and that defendants failed upon request to close certain holes in the floors and walls of the building in which plaintiffs resided and through which the rats entered said building and also failed to attempt to exterminate the rats. But as we view the complaint, the gist of plaintiffs' causes of action was an alleged violation by defendants of their duties as owners and possessors of the adjoining property rather than an al-

leged violation of defendants' duties as lessors. Under these circumstances, any allegations relating to the relationship of lessors and lessees were superfluous but such allegations did not render the remaining allegations insufficient to show a violation of the duties of defendants as owners and possessors of the adjoining property.

■ Turning to the special demurrer, we believe that the only specification which requires comment is the one in which defendants claimed that it did not appear whether defendants negligently allowed the refuse which attracted the rats to accumulate on the premises rented to plaintiffs' parents or on the adjoining premises owned and occupied by defendants. The allegations were that defendants negligently operated and maintained "said premises and the adjacent and adjoining buildings, also owned and possessed by defendants, where, in one of said buildings defendants owned, operated and maintained a restaurant, by allowing discarded food and vegetable matter, refuse and debris to accumulate about said premises and buildings and restaurant. . . ." In this connection, defendants call our attention to the above quoted section 1803 of the Health and Safety Code, which uses the words, "Every person possessing any place that is infested with rodents . . . ," and defendants state that they "did not possess the rented premises." The word "possess," however, is defined in said code so as to place the duty imposed by said section 1803 upon the owner of any land or building infested with rats. (Health and Safety Code, sections 1801-1803). Furthermore, without regard to the provisions of said section 1803, we are of the opinion that defendants violated their duty toward persons on adjoining premises if they negligently allowed their refuse to accumulate so as to attract rats as alleged on any property in the vicinity. We therefore find no specification of uncertainty which justified the sustaining of the special demurrer.

■ Defendants make one further point in support of the trial court's ruling. It is contended that "plaintiffs and their parents assumed the risk arising from the use of the rented premises." They argue that it was shown by plaintiffs' allegations that although defendants failed to endeavor to exterminate the rats and although the premises continued to be infested with rats from June, 1941, to October 16, 1941, plaintiffs continued to live and sleep in said premises. It therefore appears that defendants claim that as plaintiffs

and their parents continued to occupy the premises they assumed, as a matter of law, the risk of being bitten by the rats and therefore the demurrer to plaintiffs' second amended complaint was properly sustained.

The defense of assumption of risk is closely associated with the defense of contributory negligence. (38 Am.Jur. 847). Ordinarily neither defense may be successfully invoked against a minor of very tender years and it seems certain that it cannot be said as a matter of law from plaintiffs' allegations that plaintiffs, aged two and three years respectively, assumed the risk involved here. If it can be said that the allegations showed that plaintiffs' parents assumed the risk insofar as the parents were concerned, such assumption of risk by the parents should not be permitted to affect the rights of their minor children. Contributory negligence of parents may not be imputed to a child in an action brought by the child in its own right, (*Zarzana* v. *Neve Drug Co.,* 180 Cal. 32 [179 P. 203, 15 A.L.R. 401]; *Caraveo* v. *Pickwick Stages System,* 113 Cal.App. 443 [298 P. 516.), and by a parity of reasoning, the assumption of risk by parents should not be held to preclude a recovery by a minor child on his own behalf.

The judgment is reversed with directions to the trial court to overrule the demurrer.

Nourse, P. J., and Dooling, J. pro tem., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 20, 1943.