## YELLOW CAB CO. OF D. C., Inc., v. GRIFFITH.

No. 234.

Municipal Court of Appeals for the District of Columbia.

Dec. 27, 1944.

Alfred M. Schwartz and A. Arvin Lynn, both of Washington, D. C., for appellant.

Joseph C. Suraci and William B. O'Connell, both of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

In the trial court plaintiff alleged that defendant's taxicab had backed into her and caused personal injury. She was awarded a verdict of $1000. Defendant appeals, claiming that it was entitled to a directed verdict. We will narrate the important elements in the case as they bear on this appeal.

Plaintiff, expecting to board a downtown westward-bound streetcar during the morning rush hour, crossed from the south curb of Rhode Island Avenue between the intersections of 13th and 14th Streets, N. E., in order to reach a car stop at the north curb. A westbound streetcar had approached the stop on the north tracks, but because it was full did not stop to take on more passengers. Twelve or fifteen persons who had left the car stop at the north curb to board the approaching streetcar, seeing that it had not stopped, retraced their steps to the north curb. Plaintiff claimed that she started back with them. In the meantime,

a private automobile had stopped at the north curb to pick up some passengers, and defendant's taxicab had stopped a few feet behind it. As plaintiff was walking from the north tracks toward the north curb she suddenly became aware that the taxicab, which had sounded no warning, was backing toward her. She jumped aside but the cab backed a second time and struck her. As usually happens in trials of this nature some of this evidence was denied (notably the failure to sound a warning before backing), some was explained, and some was shaded by plaintiff herself during cross examination.

■ Following the well-established rule when a motion for instructed verdict is under review, we do not consider questions of mere weight or credibility of evidence. We decide only its sufficiency to make a case for jury consideration.[1] And we hold this evidence was clearly sufficient, in the aspects most favorable to plaintiff, to require submission to the jury.

■ The jury may properly have found defendant's driver negligent in backing without warning or without keeping a proper look-out (though he denied dereliction in either of these respects) if they believed him guilty of such omission.[2] And it was within their province to say whether such negligence was the proximate cause of plaintiff's injury, for this is ordinarily a jury question.[3]

■ Appellant insists that whatever may be said of defendant's primary negligence there was still no liability because plaintiff's own testimony proved her guilty of contributory negligence as a matter of law. We recognize that such a ruling is sometimes indicated when the evidence is clear and the inferences to be drawn therefrom

equally clear.[4] But when reasonable men may honestly differ either as to the facts,[5] or as to the inferences to be drawn from the facts,[6] the case presents jury questions and may not be decided by the judge; "otherwise trial by jury becomes trial by court."[7]

■ Appellant summarizes its argument on three grounds: First, that negligence is chargeable to plaintiff as a matter of law because "she chose to test a known danger" by walking across a heavily travelled boulevard highway between intersections instead of walking on the established crosswalk at 13th Street; in other words that she was taking a dangerous short cut or "jaywalking" in order to save time on a morning when she was admittedly late for work. This argument, it seems to us, would have more force if plaintiff had been struck by a vehicle moving forward in a lane of traffic instead of one starting suddenly in reverse from a parked position.

■ Appellant next argues that plaintiff "had actual notice of imminent danger and ignored it" because she attempted to cross from the street car tracks to the north curb, there to await the arrival of a streetcar, and because though she jumped out of defendant's way once, she did nothing further to avoid being struck. We are not prepared to say that the circumstances required her to jump again. It may be that after the cab stopped backing, after almost striking her, she was justified in believing that the driver had seen her and that it was safe to continue walking instead of jumping a second time. This was, of course, a question of due care and was for the jury to answer.

■■ Appellant's third point is that we should hold plaintiff contributorily negli-

[1] Christie v. Callahan, 75 U.S.App.D.C. 133, 124 F.2d 825; Lohse v. Coffey, D. C.Mun.App., 32 A.2d 258; Viner v. Friedman, D.C.Mun.App., 33 A.2d 631; Birchall v. Capital Transit Co., D.C. Mun.App., 34 A.2d 624.

[2] See Caraveo v. Pickwick Stages System, 113 Cal.App. 443, 298 P. 516; Noonan v. P. M. Leavitt Co., 238 Mass. 481, 131 N.E. 297; Wood v. Balzano, 137 Me. 87, 15 A.2d 188.

[3] Milwaukee, etc., R. Co. v. Kellogg, 94 U.S. 469, 24 L.Ed. 256; Carroll v. Cambridge Elec. Light Co., 312 Mass. 89, 43 N.E.2d 340; White v. Montoya, 46 N.M. 241, 126 P.2d 471; Jones v. Cary, 219 Ind. 268, 37 N.E.2d 944.

[4] Capital Transit Co. v. Holloway, D.

C.Mun.App., 35 A.2d 649, 72 W.L.R. 212; Eclov v. Dalton, D.C.Mun.App., 38 A.2d 661.

[5] Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967. Also see cases cited in footnote 1, supra.

[6] Best v. District of Columbia, 291 U. S. 411, 54 S.Ct. 487, 78 L.Ed. 882; Galloway v. United States, 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458; Shamp v. Lambert, 142 Mo.App. 567, 121 S.W. 770; In re Totten, 179 N.Y. 112, 71 N. E. 748, 70 L.R.A. 711, 1 Ann.Cas. 900; Williams v. Sauls, 151 Fla. 270, 9 So.2d 369; Shaw v. Piel, 139 Me. 57, 27 A.2d 137.

[7] Christie v. Callahan, supra.

gent because she violated these two traffic regulations:

Article III, Section 5(d): "Every pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk shall yield the right-of-way to vehicles upon the roadway."

Article III, Section 5(e): "No pedestrian shall use any roadway between intersections when a vehicle is approaching from either direction so as to constitute a hazard for his own safety or use such roadway at any time in a negligent or reckless manner."

As to the first of these regulations it may reasonably be argued that no question of right of way is involved between a pedestrian and a standing vehicle, especially one intending to back. As to the second regulation there was (from plaintiff's viewpoint, at least), no apparent hazard and no vehicle "approaching" because the only two vehicles at that point were at rest, at or near the curb. In these circumstances plaintiff had the right to have the jury say whether she had in fact violated either of the regulations and if she had, whether such violation was a proximate or contributing cause of her injury.[8] This is but repeating what we have said above and what has been authoritatively said before by our highest courts: that issues of fact and conclusions and inferences from the facts are in the jury's domain.

Through the industry of appellant's counsel many interesting federal and state cases have been brought to our attention. These we have examined with care and are satisfied that as applied to this case they do not justify a result different from the one we have announced.

Affirmed.

---

[8] Herndon v. Higdon, D.C.Mun.App., 31 A.2d 854.